# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LONDREY GRIFFIN,<br><br>  Petitioner,<br><br>  v.<br><br>ANDRE MATEVOUSIAN,<br><br>  Respondent. | Case No. 1:16-cv-00277-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO TRANSFER THE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA |

  Petitioner Eric Londrey Griffin is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the instant petition, Petitioner challenges the sentence imposed by the United States District Court for the Northern District of Florida in light of Johnson v. United States, 135 S. Ct. 2552 (2015). As this Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e), the undersigned recommends transferring the petition to the Northern District of Florida.

## I.

## BACKGROUND

  Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a sentence imposed by the United States District Court for the Northern District of Florida. On February 29, 2016, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). On March 14, 2016, the Court ordered Petitioner to show cause why the petition should not be dismissed for lack of jurisdiction. (ECF No. 7). On March 14, 2016, the

1

order to show cause was served on Petitioner and contained notice that a response should be filed within thirty days of the date of service of the order. Over thirty days have passed and Petitioner has not responded to the Court's order to show cause.

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Despite Petitioner's assertion that he is challenging a "fundamental defect in the execution of the detention," the instant petition challenges the sentence imposed by the United States District Court for the Northern District of Florida in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2552 (2015). (ECF No. 1 at 6, 13).[1] Further, the relief Petitioner seeks is for the Court to "vacate current federal sentence and conduct *de novo* resentencing in which [Petitioner] would not be deemed an armed career criminal." (Id. at 18). This is an attack on the validity of Petitioner's federal sentence. Therefore, the appropriate procedure would be to file a § 2255 motion in the court that imposed the sentence rather than a § 2241 habeas petition in this Court.

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that
2  it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The
3  remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a
4  prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id.
5  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v.
6  United States, 315 F.2d 76, 83 (9th Cir. 1963).

7       A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner
8  "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at
9  presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). With respect to
10 the second requirement, "it is not enough that the petitioner is presently barred from raising his
11 claim of innocence by motion under § 2255. He must never have had the opportunity to raise it
12 by motion." Ivy, 328 F.3d at 1060. Petitioner arguably satisfies the second requirement.
13 Petitioner's conviction became final in 2001, his previous § 2255 motion was filed in 2014 and
14 dismissed, and Petitioner's claim did not become available until June 26, 2015, when the
15 Supreme Court decided Johnson.

16      With respect to the first requirement, in the Ninth Circuit a claim of actual innocence for
17 purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court
18 in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the
19 Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that,
20 in light of all the evidence, it is more likely than not that no reasonable juror would have
21 convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore,
22 "actual innocence means factual innocence, not mere legal insufficiency." Id.

23      The Ninth Circuit has "not yet resolved the question whether a petitioner may ever be
24 actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch."
25 Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012). In Marrero, the Ninth Circuit held that "the
26 purely legal argument that a petitioner was wrongly classified as a career offender under the
27 Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch."
28 Id. at 1195. The Marrero court also discussed, but did not endorse, the following exceptions

recognized in other circuits to the general rule that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement:

> First, some courts have held that a petitioner may be actually innocent of a sentencing enhancement if he was *factually* innocent of the crime that served as the predicate conviction for the enhancement. Second, some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible. And third, some courts have left open the possibility that a petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation.

Marrero, 682 F.3d at 1194–95 (citations omitted).

Regardless, even if a petitioner may assert a cognizable claim of actual innocence of a noncapital sentencing enhancement, Petitioner has failed to do so here. Federal law forbids certain individuals to ship, transport, possess, or receive firearms or ammunition and punishes a violation of this ban by up to ten years' imprisonment. 18 U.S.C. §§ 922(g), 924(a). However, the Armed Career Criminal Act increases the term of imprisonment to a minimum of fifteen years and a maximum of life when the defendant has three or more earlier convictions for a "serious drug offense" or a "violent felony" or both. 18 U.S.C. § 924(e)(1). A "violent felony" is defined to include, *inter alia*, "any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). This is known as the Act's residual clause. Johnson, 135 S. Ct. at 2556. In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process . . . [but] does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. at 2563. Petitioner contends that after Johnson he does not have three prior convictions to sustain an enhanced sentence under § 924(e). (ECF No. 1 at 13). Johnson held only the residual clause to be unconstitutionally vague. Petitioner does not state whether the three previous convictions used to enhance his sentence were for serious drug offenses or violent felonies, or whether the previous convictions qualified as violent felonies under the residual clause. Thus, Petitioner has failed to establish a claim of actual innocence.

Based on the foregoing, the Court finds that Petitioner has failed to establish a cognizable claim of actual innocence for purposes of qualifying to bring a § 2241 habeas petition under the savings clause of § 2255(e). Therefore, this Court lacks jurisdiction over the petition.

### III.

### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be TRANSFERRED to the United States District Court for the Northern District of Florida.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 17, 2016**                    /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE